**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JAMMIE G. THOMAS                                                                                           PLAINTIFF

V.                                              NO: 3:11CV00019 BRW

PAUL RAINEY                                                                                                  DEFENDANT

## ORDER

Plaintiff, currently held at the Crittenden County Detention Facility, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on January 25, 2011, naming as the Defendant Paul Rainey, a Crittenden County Municipal Judge.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp.

235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## II. Analysis

In his complaint, Plaintiff asserts that Judge Rainey set an excessively high bond for the nature of his charges. However, Judge Rainey is immune from suit, and Plaintiff has therefore failed to state a claim upon which relief may be granted.

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). The evaluation whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself—whether the act is a function normally performed by a judge in his judicial capacity. *See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Setting a bond amount is certainly an act normally performed by a judge in his judicial capacity. Accordingly, Plaintiff's complaint must be dismissed.

## III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 18th day of February, 2011.


                                                            /s/Billy Roy Wilson
                                                    UNITED STATES DISTRICT JUDGE